IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TROYCE ERIC JACKSON,

    Plaintiff,                       CV F 04 6397 OWW WMW P

  vs.                               ORDER DISMISSING COMPLAINT
                                       WITH LEAVE TO AMEND

LEE ANN CHRONES, et al.,

    Defendants.

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        This action proceeds on the first amended complaint. Plaintiff, an inmate in the custody of the California Department of Corrections at North Kern State Prison, brings this civil rights action against defendant Lee Ann Chrones, Warden at North Kern, and Mailroom Sergeant Benjamin Paster.

        Plaintiff's sole claim in this complaint is that "North Kern State Prison has either lost or stolen my outgoing legal mail." Plaintiff alleges that the prison has records of all incoming legal mail, but no records of outgoing legal mail. Plaintiff also alleges that there is no record of incoming legal mail from the Fresno County Public Defender's office after May 14, 2003. Plaintiff seeks monetary damages.

        To warrant relief under the Civil Rights Act, a plaintiff must allege and show that

defendant's acts or omissions caused the deprivation of his constitutionally protected rights. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993). In order to state a claim under § 1983, a plaintiff must allege that: (1) a person was acting under color of state law at the time the complained of act was committed; and (2) that person's conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. Paratt v.Taylor, 451 U.S. 527, 535 (1981).

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which the complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In the order dismissing the first amended complaint, the court noted that though Plaintiff has alleged facts indicating that his legal may not be going out, or is not coming in, he has not alleged any facts to indicate that the named defendants engaged in conduct that deprived plaintiff of his mail. The Warden and Mailroom Sergeant can not be held liable as supervisors. Liability may be imposed on supervisory defendants under § 1983 only if (1) the supervisor personally participated in the deprivation of constitutional rights or (2) the supervisor knew of the violations and failed to act to prevent them. Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff does not allege any facts indicating that defendants participated in, or knew of and failed to prevent, the alleged wrongs.

In the first amended complaint, Plaintiff restates generally the facts of the original

complaint.  Plaintiff specifically alleges that on June 4, 2003, a letter to Public Defender Roberto Dulce was logged in to the Legal Mail Log book by correctional officers.  Plaintiff alleges that after May 14, 2003, there is no record of any incoming legal mail from the Fresno County Public Defenders' Office.

Plaintiff alleges no other specific conduct as to defendant Sergeant Paster or Warden Chrones.  Plaintiff alleges that Paster "fraudulently concealed" claims by Plaintiff by not providing the names of employees who handle legal mail.  Plaintiff also alleges that Paster had provided inadequate supervision.

Plaintiff does not refer to any specific conduct that either of the defendants engaged in that deprived him of a protected interest.  Plaintiff frames his claim as one for deprivation of his right to seek legal assistance.  To the extent that plaintiff is claiming that he has been deprived of access to the courts, he has not alleged any facts that indicate he suffered actual injury within the meaning of Casey v. Lewis, 518 U.S.343  (1996).

Because states must ensure indigent prisoners meaningful access to the courts, prison officials are required to provide either (1) adequate law libraries, or (2) adequate assistance from persons trained in the law.  Bounds v. Smith, 430 U.S. 817, 828 (1977).  Under prior law, Bounds was treated as establishing "core requirements," such that a prisoner alleging deprivation of the Bounds minima need not allege actual injury to state a constitutional claim.  Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir. 1989).  Recent Supreme Court precedent abolishes such approach, however, providing that all inmate claims for interference with access to the court include "actual injury" as an element.  Casey v. Lewis, 518 U.S.343  (1996).

To establish a Bounds violation, a prisoner must show that his prison's law library or legal assistance program frustrated or impeded his ability to pursue a nonfrivolous legal claim. Casey, supra, 518 U.S. 343, 347.

To the extent that Plaintiff is alleging that defendants' conduct is affecting his criminal

process or underlying conviction, when a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991).

Because Plaintiff has failed to correct the deficiencies identified in the order dismissing the original complaint, the first amended complaint must be dismissed. Plaintiff will, however, be granted leave to file a second amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's first amended complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint."

1  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed. IT IS SO ORDERED.

**Dated:   June 20, 2006**             **/s/  William M. Wunderlich**
mmkd34                                         UNITED STATES MAGISTRATE JUDGE