IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TROYCE ERIC JACKSON,

    Plaintiff,                               CV F 04 6397 OWW WMW P

  vs.                                     ORDER DISMISSING SECOND
                                         AMENDED COMPLAINT
                                         WITH LEAVE TO AMEND

R. GESSNER, et al.,

    Defendants.

       Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

       This action proceeds on the first amended complaint.  Plaintiff, an inmate in the custody of the California Department of Corrections at North Kern State Prison, brings this civil rights action against Defendant R. Gessner and D. Coody, correctional officers employed by the Department of Corrections at North Kern State Prison.

       Plaintiff's sole claim in this complaint is that "North Kern State Prison has either lost or stolen my outgoing legal mail."   Plaintiff alleges that correctional officers assigned bo Facility A Building one third watch "lost or stole outgoing legal mail."  Plaintiff alleges that the legal mail in question was a letter from Plaintiff to his criminal defense attorney.  The letter "was seeking information pertaining to my post-conviction proceedings."

       To warrant relief under the Civil Rights Act, a plaintiff must allege and show that

1

defendant's acts or omissions caused the deprivation of his constitutionally protected rights. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993).   In order to state a claim under § 1983, a plaintiff must allege that: (1) a person was acting under color of state law at the time the complained of act was committed; and (2) that person's conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. Paratt v.Taylor, 451 U.S. 527, 535 (1981).

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which the complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

As noted in the order dismissing the original complaint, Plaintiff does not refer to any specific conduct that either of the Defendants engaged in that resulted in actual injury within the meaning of Casey v. Lewis, 518 U.S.343  (1996).

Because states must ensure indigent prisoners meaningful access to the courts, prison officials are required to provide either (1) adequate law libraries, or (2) adequate assistance from persons trained in the law. Bounds v. Smith, 430 U.S. 817, 828 (1977).  Under prior law, Bounds was treated as establishing "core requirements," such that a prisoner alleging deprivation of the Bounds minima need not allege actual injury to state a constitutional claim. Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir. 1989).  Recent Supreme Court precedent abolishes such approach, however, providing that all inmate claims for interference with access to the court include "actual injury" as an element. Casey v. Lewis, 518 U.S.343  (1996).

1   To establish a <u>Bounds</u> violation, a prisoner must show that his prison's law library or
2  legal assistance program frustrated or impeded his ability to pursue a nonfrivolous legal claim.
3  <u>Casey</u>, <u>supra</u>, 518 U.S. 343, 347.   Plaintiff does not indicate how each of the named Defendants
4  engaged in conduct that impeded his ability to pursue a challenge to his conviction, resulting in
5  injury.  An allegation that a letter failed to get to a defense attorney does not, of itself,
6  constituted injury.  Plaintiff must specifically charge the named defendants with conduct that
7  caused him injury.
8   Because Plaintiff has failed to correct the deficiencies identified in the order dismissing
9  the second amended complaint, the second amended complaint must be dismissed.  Plaintiff will,
10 however, be granted leave to file a third amended complaint.
11  If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
12 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  <u>See</u>
13 <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms
14 how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless
15 there is some affirmative link or connection between a defendant's actions and the claimed
16 deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir.
17 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).
18   In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
19 make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended
20 complaint be complete in itself without reference to any prior pleading.  This is because, as a
21 general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375
22 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
23 longer serves any function in the case.  Therefore, in an amended complaint, as in an original
24 complaint, each claim and the involvement of each defendant must be sufficiently alleged.
25   In accordance with the above, IT IS HEREBY ORDERED that:
26

1. Plaintiff's second amended complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a third amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Third Amended Complaint."  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.IT IS SO ORDERED.

**Dated:   August 21, 2007**            /s/  **William M. Wunderlich**
                                        UNITED STATES MAGISTRATE JUDGE