1

2                    IN THE UNITED STATES DISTRICT COURT

3                   FOR THE EASTERN DISTRICT OF CALIFORNIA

4

5

6    TROYCE ERIC JACKSON,

7             Plaintiff,                    CV F 04 6397 OWW WMW P

8       vs.                                 ORDER DISMISSING THIRD
                                            AMENDED COMPLAINT
9                                           WITH LEAVE TO AMEND

10

11   R. GESSNER, et al.,

12            Defendants.

13

         Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.
14
     § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.
15
     § 636(b)(1).
16
         This action proceeds on theOctober 23, 2007, third amended complaint.  Plaintiff, an
17
     inmate in the custody of the California Department of Corrections and Rehabilitation at North
18
     Kern State Prison, brings this civil rights action against Defendant R. Gessner and D. Coody,
19
     correctional officers employed by the CDCR at North Kern State Prison.
20
         Plaintiff's sole claim in this complaint is that on June 4, 2003, he sent to his attorney a
21
     letter "pertaining to my direct review after my judgment was affirmed . . .  On February 13,
22
     2003."  Though the letter was logged in the prison mail system, it was "mysteriously lost or
23
     stolen."   Plaintiff levels the conclusory allegation that the named Defendants, R. Gessner and D.
24
     Coody, "impeded his ability to pursue nonfrivolous legal claims in such a manner that the named
25
     Defendants engaged in conduct that has impeded his ability to pursue a challenge to his
26

1

1   unconstitutional conviction and sentence."

2        Plaintiff does not, however, allege facts indicating what specific conduct that the named

3   defendants engaged in.  Defendants can not be held liable simply because Plaintiff's mail was

4   "mysteriously lost."  Plaintiff must charge defendants with specific conduct that indicates that

5   they did something to impede Plaintiff's ability to challenge his conviction.  A simple allegation

6   that mail was lost is insufficient to state a claim for relief.  The court will provide Plaintiff with

7   one final opportunity to amend the complaint to specifically allege facts indicating that the

8   Defendants engaged in conduct that constitutes actual injury as that term has been defined in

9   prior orders.

10       If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

11  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

12  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

13  how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

14  there is some affirmative link or connection between a defendant's actions and the claimed

15  deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

16  1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

17       In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

18  make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended

19  complaint be complete in itself without reference to any prior pleading.  This is because, as a

20  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

21  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

22  longer serves any function in the case.  Therefore, in an amended complaint, as in an original

23  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

24       In accordance with the above, IT IS HEREBY ORDERED that:

25            1.  Plaintiff's third amended complaint is dismissed; and

26

1         2.   Plaintiff is granted thirty days from the date of service of this order to file a

2 fourth amended complaint that complies with the requirements of the Civil Rights Act, the

3 Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must

4 bear the docket number assigned this case and must be labeled "Fourth Amended Complaint."

5 Failure to file an amended complaint in accordance with this order will result in a

6 recommendation that this action be dismissed.

7 IT IS SO ORDERED.

8 **Dated:   January 14, 2008**             **/s/  William M. Wunderlich**
                                                UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26