IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TROYCE ERIC JACKSON,

        Plaintiff,                       CV F 04 6397 OWW WMW P

    vs.                                FINDINGS AND RECOMMENDATION

R. GESSNER, et al.,

        Defendants.

Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

This action proceeds on the March 17, 2008, fourth amended complaint.[1]  Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at North Kern State Prison, brings this civil rights action against Defendant R. Gessner and D. Coody, correctional officers employed by the CDCR at North Kern State Prison.

In the order dismissing the third amended complaint, the court noted the following allegations.   Plaintiff's sole claim in this complaint is that on June 4, 2003, he sent to his attorney a letter "pertaining to my direct review after my judgment was affirmed . . .  On February 13, 2003."  Though the letter was logged in the prison mail system, it was

---

[1]The original complaint, the first amended complaint, the second amended complaint and third amended complaints were dismissed with leave to amend.  In each of those order, Plaintiff was advised of the deficiencies in his pleading, and granted leave to file an amended complaint.

1

1   "mysteriously lost or stolen."   Plaintiff levels the conclusory allegation that the named

2   Defendants, R. Gessner and D. Coody, "impeded his ability to pursue nonfrivolous legal claims

3   in such a manner that the named Defendants engaged in conduct that has impeded his ability to

4   pursue a challenge to his unconstitutional conviction and sentence."

5       In the order dismissing the third amended complaint, Plaintiff did not allege facts

6   indicating what specific conduct that the named defendants engaged in.  Plaintiff was advised

7   that Defendants can not be held liable simply because Plaintiff's mail was "mysteriously lost."

8   Plaintiff must charge defendants with specific conduct that indicates that they did something to

9   impede Plaintiff's ability to challenge his conviction.  A simple allegation that mail was lost is

10  insufficient to state a claim for relief.  Plaintiff was specifically cautioned that the court would

11  provide Plaintiff with one final opportunity to amend the complaint to specifically allege facts

12  indicating that the Defendants engaged in conduct that constitutes actual injury as that term has

13  been defined in prior orders.

14      The March 17, 2008, fourth amended complaint fails to cure the defects identified in the

15  earlier orders.  Plaintiff does not specifically charge either of the named defendants with specific

16  conduct.  Plaintiff continues to allege that "the prison" has either lost or stolen his mail.  Plaintiff

17  also alleges that the California Supreme Court denied his Petitioner for Review on the ground of

18  untimeliness.   The court notes that the third amended complaint specifically alleges that the

19  conduct complained of occurred on or after June 4, 2003, when Plaintiff attempted to send a

20  letter to his attorney.

21      Plaintiff attaches as exhibits to the fourth amended complaint.  Plaintiff contends that

22  these exhibits support his allegations.  Plaintiff attaches as Exhibit A a copy of his inmate

23  grievance.  Plaintiff's grievance clearly indicates that the conduct at issue occurred in June of

24  2003.  Plaintiff's Exhibit B is a copy of a letter to Plaintiff from the Supreme Court of

25  California.  The letter references Plaintiff's criminal conviction, and states that "Our records

26

1   indicate that the Court of Appeal filed its decision on February 13, 2003.  The last day we could

2   have entertained any pleading was April 14, 2003. (Cal.Rules of Court, rule 24(b)).”

3        Assuming Plaintiff did charge the named defendants with the conduct at issue in June of

4   2003, they could not have caused Plaintiff's actual injury.[2]  The time for filing had run on April

5   14, 2003.  The conduct at issue in this lawsuit occurred in June of 2003.   Because Plaintiff has

6   not cured the defects identified in the four orders dismissing his pleadings, the court recommends

7   dismissal of the claims made in the original complaint with prejudice for failure to state a federal

8   claim upon which the court could grant relief.  See Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir.

9   1987) (prisoner must be given notice of deficiencies and opportunity to amend prior to

10  dismissing for failure to state a claim).

11       Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for

12  failure to state a claim upon which relief can be granted.

13       These findings and recommendations are submitted to the United States District

14  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b)(1)(B).  Within

15  thirty days after being served with these findings and recommendations, plaintiff may file written

16  objections with the court.  Such a document should be captioned “Objections to Magistrate

17  Judge's Findings and Recommendations.”  Plaintiff is advised that failure to file objections

18  within the specified time waives all objections to the judge's findings of fact.  See Turner v.

19  Duncan, 158 F.3d 449, 455 (9th Cir. 1998).  Failure to file objections within the specified time

20  may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th

21  Cir. 1991).

22  IT IS SO ORDERED.

23  Dated:     March 26, 2008                         /s/  William M. Wunderlich
                                             UNITED STATES MAGISTRATE JUDGE
24

25       [2] Plaintiff has been advised of the actual injury requirements set forth in .  Casey v. Lewis,
26  518 U.S.343  (1996).  Order of June 20, 2006.